UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00374-RJC-DSC

| | |
|---|---|
| NIKE USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| WDP SOCCER d/b/a Premier Soccer, ) | |
| WALTER DONALD PENNINGTON, SR. ) | |
| a/k/a W. D. Pennington, Sr., and WILLIAM ) | |
| FREDERICK PENNINGTON a/k/a W. Fred ) | |
| Pennington, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff Nike USA, Inc.'s ("Plaintiff") Unopposed Motion for Entry of Consent Judgment and Order. (Doc. No. 50.) Plaintiff filed a Complaint in this action (the "Action") against Defendants WDP Soccer, Inc. d/b/a Premier Soccer, Walter Donald Pennington, Sr. a/k/a W. D. Pennington, Sr., and William Frederick Pennington a/k/a W. Fred Pennington (collectively, the "Defendants" and together with Plaintiff, the "Parties"). Plaintiff and Defendants have agreed to resolve all matters in controversy in this Action and any proceedings related thereto. The Parties consent to entry of this consent judgment and order.

A. This Court has subject matter jurisdiction of this Action because there is complete diversity of citizenship in that Plaintiff is a citizen of the State of Oregon, Defendants are all citizens of the State of South Carolina, and the amount in

controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1446(c)(2)(A)(ii).

B.  This Court has personal jurisdiction over Defendants, who removed this Action to federal court.

C.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1404 and 1441(a). (See Doc. No. 42, Eastern District of North Carolina's Order granting motion to transfer venue to this Court pursuant to 28 U.S.C. § 1404.)

D.  Defendant Walter Donald Pennington, Sr. a/k/a W. D. Pennington, Sr. and Defendant William Frederick Pennington a/k/a W. Fred Pennington ("Pennington Defendants") each executed Personal Guarantees in favor of Plaintiff for the indebtedness Plaintiff seeks to recover in this Action against Defendants.

E.  Plaintiff asserts a breach of contract claim against Defendants for the principal amount of $89,943.00 plus $18,708.14 in pre-judgment interest at a rate of 8% per annum from October 1, 2016 through May 8, 2019 for a total of $108,651.14. Post-judgment interest shall be awarded and calculated at 8% per annum from the date of entry of this Consent Judgment and Order through the date on which it is fully satisfied.

F.  Defendants' total indebtedness due to Plaintiff is $108,931.14, which is inclusive of principal amount, pre-judgment interest, attorney's fees, and costs through May 8, 2019. Post-judgment interest will accrue in accordance with Paragraph E.

G. The Parties have decided to enter into this consent judgment and order to settle the claims and potential claims of Plaintiff in an effort to avoid further protracted and costly litigation. To that end, the Parties mutually stipulate to the entry of this consent judgment and order.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Nike USA, Inc.'s Unopposed Motion for Entry of Consent Judgment and Order, (Doc. No. 50), is **GRANTED**;

2. By consent of Plaintiff, Nike USA, Inc., and Defendants, WDP Soccer, Inc. d/b/a Premier Soccer, Walter Donald Pennington, Sr. a/k/a W. D. Pennington, Sr., and William Frederick Pennington a/k/a W. Fred Pennington, the terms of this consent judgment and order shall be subject to enforcement and execution by Nike USA, Inc. or its assignees;

3. Within 14 days after entry of this consent judgment and order, Defendants, jointly and severally, are obligated to and shall pay $108,931.14 to Nike USA, Inc. plus any then accrued post-judgment interest by tendering payment to Kutak Rock Trust Account for the benefit of Plaintiff;

4. Upon full satisfaction of this judgment amount, the Parties stipulate that this consent judgment and order resolves all matters between them that are alleged in Plaintiff's Complaint that was filed in the Action;

5. This Court retains jurisdiction to enforce the terms of this consent judgment and order and to enforce Plaintiff's rights pursuant to Rule 69

of the Federal Rules of Civil Procedure and other applicable law related to post judgment discovery;

6. Each of the Parties waive the right to any appeal or appellate review of the terms of this consent judgment and order;

7. Any person signing this consent judgment and order on behalf of a party expressly acknowledges and represents that he or she has the authority to sign for and legally bind that party; and

8. This consent judgment and order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

Signed: December 30, 2019

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge